UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRES TOBAR

      Plaintiff

vs.                    Case No.

LVNV FUNDING LLC, a foreign limited liability company
and
LAW OFFICES OF ANDREU, PALMA & ANDREU, P.L., a Florida limited liability company
and
HAYT, HAYT & LANDAU, P.L, a Florida limited liabilty company
and
ALEGIS GROUP LLC, a foreign limited liabilty company d/b/a
RESURGENT CAPITAL SERVICES L.P., a foreign limited partnership

      Defendants

_____/

COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

**COMES NOW** the plaintiff, Andres Tobar, and sues the defendants LVNV Funding, LLC, Law Offices of Andreu, Palma & Andreu, P.L., Hayt, Hayt & Landau, P.L. and Alegis Group LLC, d/b/a Resurgent Capital Services, L.P. and alleges:

I. PRELIMINARY STATEMENT

1. This is an action brought against the defendants for violations of 15 U,S,C. 1692, et sequin, more commonly know as the "Fair Debt Collection Practices Act" ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Florida Consumer Collection Practices Act F.S. 559 ("FCCPA"), which prohibits all persons from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this court arises under 15 U.S.C. sec. 1692k and 28 U.S.C. sec. 1337. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.

3. Venue in this district is proper in that the defendants transact business in Hillsborough County, in the Middle District of Florida.

## III. ALLEGATIONS AS TO PARTIES

4. Plaintiff is sui juris and a resident of Hillsborough County, Florida.

5. Plaintiff is a consumer within the meaning of the FDCPA and the FCCPA.

6. The alleged debt is a consumer debt within the meaning of the FDCPA and the FCCPA.

7. LVNV Funding, LLC is a foreign limited liability company with its principal place of business in Las Vegas, Nevada, and which conducts business in

Hillsborough County, in the Middle District of Florida.

8. Law Offices of Andreu, Palma & Andreu, P.L. is a Florida limited liability company with its principal offices in Miami, Florida and which attempts to collect debts in Hillsborough County, in the Middle District of Florida.

9. Hayt, Hayt & Landau, P.l. is a Florida limited liability company with its principal offices in Miami, Florida, and which attempts to collect debts in Hillsborough County, in the Middle District of Florida.

10. Alegis Group LLC is a foreign limited liability company with its principal offices in Greenville, South Carolina, which does business as Resurgent Capital Services L.P., which has its principal offices in Greenville, South Carolina, and which conducts business in Hillsborough County in the Middle District of Florida.

### IV. FACTUAL ALLEGATIONS

11. On or about October 30, 2012, the defendant Law Offices of Andreu, Palma & Andreu, PL mailed a letter to the plaintiff, advising him that a debt of $947.10 that he allegedly owed to Citibank (South Dakota) had been transferred to LVNV Funding, LLC.

12. In the October 30, 2012 letter, which was written on the law firm's letterhead, the law firm informed the plaintiff that at that time, no attorney with the firm had personally reviewed the circumstances of the plaintiff's account.

13. The letter from Andreu, Palma & Andreu, PL informed the plaintiff that the law firm would mail verification of the debt if he requested that information within 30 days of receiving the letter.

14. On November 19, 2012, Frederick W. Vollrath informed Andreu, Palma & Andreu by letter that he represented the plaintiff on the alleged debt and requested the law firm to mail verification of the debt, the correct amount, and the identity of the original creditor to attorney Vollrath's office.

15. No reply was ever received from Andreu, Palma & Andreu.

16. On July 30, 2013, the Law Offices of Hayt, Hayt & Landau, P.L. sent a letter to the plaintiff which also informed him that LVNV Funding LLC was the owner of the alleged debt, in the amount of $935.70.

17. The July 30, 2013 letter from Hayt, Hayt & Landau also informed the plaintiff that that firm had been retained to collect the debt, but that no attorney from the firm had personally reviewed the matter.

18. The letter from Hayt, Hayt & Landau also informed the plaintiff that they would mail verification of the debt if he requested it within 30 days of receiving the letter.

19. On August 9, 2013, Frederick W. Vollrath informed Hayt, Hayt & Landau by mail that he represented the plaintiff on the debt, that the plaintiff disputed the debt, and requested the law firm to mail verification of the alleged

debt, the correct amount of the debt and the name and address of the original creditor to Mr. Vollrath's office.

20. No reply was ever received from Hayt, Hayt & Landau.

21. On September 12, 2013, Resurgent Capital Services, LP mailed a letter to Andres Tobar informing him that firm was managing the account for LVNV Funding, LLC and stated the alleged debt was $988.75.

## V. ALLEGATIONS OF LAW

22. At all times material hereto, the plaintiff was a"consumer" as that term is defined under 15 U.S.C. 1692s (3) and Florida Staturte 559.55 (3).

23. The defendant LVNV Funding, LLC is a debt collector within the meaning of the FDCPA by virtue of the fact that it bought the alleged debt while it was in default.

24. The defendant Law Offices of Andreu, Palma & Andreu, P.L. is a debt collector within the meaning of the FDCPA.

25. The defendant Hayt, Hayt & Landau. P.L is a debt collector within the meaning of the FDCPA.

26. The defendant Alegis Group LLC d/b/a Resurgent Capital Services L.P. is a debt collector within the meaning of the FDCPA.

27. Each of the four defendants is a debt collector within the meaning of the FCCPA.

28. At all times material hereto, each of the four defendants were subject to and violated one or more of the provisions of the FDCPA.

29. At all times material hereto, each of the four defendants were subject to and violated one or more of the provisions of the FCCPA.

## COUNT 1

### LVNV FUNDING LLC'S VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT

30. Paragraphs 1-29 are re-alleged as if set out in full.

31. The acts of LVNV Funding LLC include but are not limited to the violation of the following provisions of the FDCPA:

    a. 15 U.S.C. 1692e(2)(A) by false representation of the amount of the debt by:

        1. causing Hayt, Hayt & Landau to send a letter to plaintiff on July 30, 2013 alleging the debt was $935.70.

        2. causing Resurgent Capital Services L.P. to send a letter to plaintiff on September 12, 2013 alleging the debt was $988.75.

    b. 15 U.S.C. 1692c(a) (2) by:

        1. causing its agent Hayt, Hayt & Landau to communicate directly with plaintiff on July 30, 2013 after being informed by attorney Frederick W. Vollrath that he represented plaintiff on the debt.

2. causing its agent Resurgent Capital Services L.P to communicate directly with plaintiff on September 12, 2013 after being informed by attorney Frederick W. Vollrath that he represented plaintiff on the debt.

## COUNT 2
## LVNV FUNDING LLC'S VIOLATION OF
## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

32.     Paragraphs 1-31 are re-alleged as if set out in full.

33.     The acts of LVNV Funding, LLC include but are not limited to the following violations of the FCCPA:

   a.  F.S. 559.72(7) by wilfully engaging in conduct which can reasonably be expected to harass the debtor.

   b.  F.S.  559.72(18) by:

   1. causing its agent Hayt, Hayt & Landau to communicate directly with plaintiff on July 30, 2013 after being informed by attorney Frederick W. Vollrath that he represented plaintiff on the debt.

   2. causing its agent Resurgent Capital Services L.P to communicate directly with plaintiff on September 12, 2013 after being informed by attorney Frederick W. Vollrath that he represented plaintiff on the debt.

## COUNT 3

**LAW OFFICE OF ANDREU, PALMA & ANDREU, PL'S VIOLATION OF**

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

34. Paragraphs 1-33 are re-alleged as if set out in full.

35. The acts of defendant Law Office of Andreu, Palma & Andreu include but are not limited to the following violations of the FCCPA:

a. F.S. 559.72(7) by wilfully engaging in conduct which can reasonably be expected to harass the debtor.

b. F.S. 559.72(9) by claiming, attempting, or threatening to enforce a debt while knowing that the debt is not legitimate by stating in its letter of October 30, 2012 that the alleged debt was $947.10.

c. F.S. 559.72(11) by communicating with the plaintiff on October 30, 2012 under the guise of an attorney by using an attorney's letterhead while at the same time notifying the plaintiff that no attorney had reviewed the plaintiff's account.

d. F.S. 559.72(18) by causing its agent Hayt, Hayt & Landau to communicate directly with plaintiff on July 30, 2013 after being informed by attorney Frederick W. Vollrath that he represented the plaintiff on the debt.

## COUNT 4

### HAYT, HAYT & LANDAU, P.L'S VIOLATION
### OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Paragraphs 1-35 are re-alleged as if set out in full.

37. The acts of Hayt, Hayt & Landau, P.L. include but are not limited to the following violations of the FDCPA:

 a. 15 U.S.C. 1692e(2)(A) by false representation of the amount of the debt by sending a letter to the plaintiff on July 30, 2013 alleging the debt was $935.70.

 b. 15 U.S.C 1692 e(3) by false representation or implication that any individual is an attorney or that any communication is from an attorney by sending a letter to the plaintiff on July 30, 2013, on the letterhead of an attorney even though the letter itself informed plaintiff that no attorney had reviewed the account.

 c. 15 U.S.C. 1692g(b) by failing to failing to obtain verification of the debt and mailing it to the consumer through correspondence with the consumer's attorney, as request by attorney Frederick W. Vollrath in his letter of August 9, 2013.

 d. 15 U.S.C. 1692c(2) by causing its agent Resurgent Capital Services, LLC to communicate directly with the plaintiff despite knowing that the plaintiff was represented by an attorney, as evidenced by attorney Frederick W. Vollrath's letter of September 12, 2013.

## COUNT 5

### HAYT, HAYT &LANDAU, P.L.'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

38. Paragraphs 1-37 are re-alleged as if set out in full.

39. The acts of Hayt, Hayt & Landau. P.L. include but are not limited to the following violations of the FCCPA:

    a. F.S. 559.72(7) by wilfully engaging in conduct which can reasonably be expected to harass the debtor.

    b. F.S. 559.72(11) by communicating with the plaintiff on October 30, 2012 under the guise of an attorney by using an attorney's letterhead while at the same time notifying the plaintiff that no attorney had reviewed the plaintiff's account.

    c. F.S. 559.72(18) by causing its agent Resurgent Capital Services L.P. to communicate directly with the plaintiff on September 12, 2013 after being informed by attorney Frederick W. Vollrath on August 9, 2013 that he represented the plaintiff on the debt.

## COUNT 6

**ALEGIS GROUP LLC d/b/a RESURGENT CAPITAL SERVICES L.P.'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

40. Paragraphs 1-39 are re-alleged as if set out in full.

41. The acts of Alegis Group LLC d/b/a Resurgent Capital Services L.P. include but are not limited to the following violations of the FDCPA:

    a. 15 U.S.C. 1692e(2)(A) by false representation of the amount of the debt

by sending a letter to the plaintiff on September 12, 2013 alleging the debt was $988.75.

      b.   15 U.S.C. 1692c(2) by communicating directly with the plaintiff despite knowing that the plaintiff was represented by an attorney, as evidenced by attorney Frederick W. Vollrath's letter of August 9, 2013.

## COUNT 7

## ALEGIS GROUP LLC d/b/a RESURGENT CAPITAL SERVICES L.P.'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. Paragraphs 1-41 are re-alleged as if set out in full.

43. The acts of Alegis Group LLC d/b/a Resurgent Capital Services L.P. include but are not limited to the folowing violations of the FCCPA:

      a.   F.S. 559.72(7) by wilfully engaging in conduct which can reasonably be expected to harass the debtor.

      b.   F.S. 559.72(18) by communicating directly with the plaintiff on September 12, 2013 after being informed by attorney Frederick W. Vollrath on August 9, 2013 that he represented the plaintiff on the debt.

**WHEREFORE,** plaintiff requests judgment be entered in his favor against the defendants as follows:

    A.  Statutory damages pursuant to the FDCPA in the amount of $1,000

against LVNV Funding, LLC.

B. Statutory damages pursuant to the FCCPA in the amount of $1,000 for each adjudication against LVNV Funding, LLC.

C. Statutory damages pursuant to the FCCPA in the amount of $1,000 per adjudication against Law Offices of Andreu, Palma & Andreu, PL.

D. Statutory damages pursuant to the FDCPA in the amount of $1,000 against Hayt, Hayt & Landau PL.

E. Statutory damages pursuant to the FCCPA in the amount of $1,000 per adjudication against Hayt, Hayt & Landau, PL.

F. Statutory damages pursuant to the FDCPA in the amount of $1,000 against Alegis Group, LLC d/b/a Resurgent Capital Services L.P.

G. Statutory damages pursuant to the FCCPA in the amount of $1,000 per adjudication against Alegis Group, LLC d/b/a Resurgent Capital Services L.P.

H. Actual damages pursuant to the FDCPA against LVNV Funding, LLC; Hayt, Hayt & Landau, PL; and Alegis Group LLC d/b/a Resurgent Capital Services, L.P.

I. Actual damages pursuant to the FCCPA against each defendant.

J. An award of costs and attorney's fees under the FDCPA and the FCCPA.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

/s/Frederick W. Vollrath
Frederick W. Vollrath, Esq.
Law Office of Frederick W. Vollrath
FBN165-812
307 South Fielding Avenue, Suite 2
Tampa, FL 33606
813-335-4379
fredvollrath@aol.com
Counsel for Plaintiff